IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID H. JACOB,<br><br>    Plaintiff,<br><br>vs.<br><br>ROSALYN COTTON, Chairperson, Nebraska Board of Parole; MARK T. LANGAN, Member, Nebraska Board of Parole; ROBERT TWISS, Member, Nebraska Board of Parole; LAYNE GISSLER, Member, Nebraska Board of Parole; and VIRGIL J. PATLAN, Member, Nebraska Board of Parole,<br><br>    Defendants. | 4:20CV3107<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, who is currently incarcerated at the Nebraska State Penitentiary, brings this 42 U.S.C. § 1983 action for declaratory and prospective injunctive relief against members of the Nebraska Board of Parole in their individual and official capacities. The court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is serving a state-court sentence for three counts of second-degree murder and two counts of using a firearm in commission of the murders. The state district court sentenced Plaintiff to consecutive sentences of life imprisonment for each second-degree murder conviction and 6 to 20 years' imprisonment for each use conviction. The minimum sentence for second-degree murder, at the time Plaintiff committed the offenses, was 10 years' imprisonment. *See* Neb. Rev. Stat. § 28-105

(Reissue 1971); Neb. Rev. Stat. § 28-304 (Reissue 1971). Plaintiff alleges that he was a first-time offender and had no prior criminal record.

Plaintiff became eligible for parole on January 17, 2015. On September 5, 2019, Plaintiff participated in an annual review by the Nebraska Parole Board, during which the Board was to consider all official reports of his prior criminal record. Neb. Rev. Stat. § 83-1,115(2); 270 Nebraska Admin. Code Ch. 4, § 007.02. Plaintiff claims that during his September 2019 review, the Board members mentioned nothing about Plaintiff having a prior criminal record and, therefore, Plaintiff was not heard on that issue.

The Offender Board Review Notice issued after the review stated that the Board deferred Plaintiff's case to a September 2020 Board Review for the following reasons: "The nature/circumstances of your offense(s) indicates that an early release would depreciate from the seriousness of your crime and promote disrespect for the law" and "Due to your prior criminal record." (Filing 1-1 at CM/ECF p. 2.)

In a still-pending Lancaster County District Court case[1] in which Plaintiff filed a writ of mandamus against the Board of Parole to get a verbatim transcript of his September 2019 review hearing, the Board of Parole admitted "that at the

---

[1] *State of Nebraska ex rel. David H. Jacob v. Nebraska Bd. of Parole*, CI-20-185 (Dist. Ct. Lancaster County, Neb.). As of this date, the case is still pending. Nebraska's judicial records may be retrieved online through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.* The court can also sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996). *See also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

September 5, 2019, review the only crimes discussed were Jacob's three convictions for second degree murder." (Filing 1-1 at CM/ECF p. 9.)

In Plaintiff's Complaint in this court, he alleges that: (1) "Nebraska's parole procedures and State Court procedures provide no state court process for challenging or correcting a Parole Board Decision made in a 'review.' See, Ditter v. Board of Parole, 11 Neb. App. 473 (Neb. App. 2002)."; (2) the Parole Board's September 5, 2019, decision finding that Plaintiff had a prior criminal record was arbitrary and unreasonable due to the Board's failure to perform the mandated examination of the official records of Plaintiff's supposed prior criminal record; (3) Plaintiff was not heard on the prior-criminal-record issue during the September 2019 annual review; and (4) the Board's erroneous finding of a prior criminal record puts Plaintiff at risk of being denied parole in the future under the standards set forth in the Nebraska Correctional System Overcrowding Emergency Act, Neb. Rev. Stat. §§ 83-960, *et seq.* (Westlaw 2021).

For relief, Plaintiff requests a declaratory judgment that Defendants violated Plaintiff's Fourteenth Amendment right to due process of law because the Board of Parole's September 5, 2019, review decision was arbitrary and erroneous; because the review process did not allow Plaintiff to be heard on an issue decided by the Board (i.e., the existence of a prior criminal record); and because Nebraska's parole-review process lacks any state-court corrective procedure. Plaintiff also requests prospective injunctive relief enjoining Defendants from finding that Plaintiff has a prior criminal record.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which

3

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff is not challenging the legality of his sentence or seeking immediate or speedier release—claims that can only be pursued through a habeas action after exhausting state remedies. Rather, Plaintiff is challenging the accuracy of the parole board's factual findings, making this case one in "the narrow class of cases in which a prisoner can file a section 1983 action seeking equitable relief." *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005).

However, I conclude that Plaintiff cannot prove facts that would entitle him to relief under section 1983. First, there is no liberty interest in parole—or even the possibility of parole—arising from the Due Process Clause itself. *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9–11 (1979) (inmate does

4

not have a constitutionally-protected liberty interest in the possibility of parole); *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011); *Adams*, 405 F.3d at 645.

Second, Nebraska's parole statutes and regulations do not create a liberty interest that would trigger due process protection because such statutes and regulations do not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Here, Plaintiff cannot show he suffered an atypical or significant hardship as a result of the parole board's erroneous reference to Plaintiff's criminal history because "[h]is only potential hardship is that he may not be paroled, and such a possibility is neither atypical or significant in regular prison life. That is, [Plaintiff] may simply be required to serve out the remainder of his sentence under the same conditions as other prisoners." *Deas v. Kohl*, No. 8:15CV35, 2015 WL 4601523, at *3 (D. Neb. July 29, 2015); *see also Adams*, 405 F.3d 643 (affirming dismissal of § 1983 claim challenging denial of parole based on erroneous information contained in parole record).

Finally, Plaintiff's argument that the Parole Board failed to comply with state parole-review procedures laid out in state law and regulations also fails to state a claim upon which relief can be granted because a federal court will not inquire into whether "state officers follow state law." *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir. 1996) ("[The plaintiff's] only argument is that the state failed to follow its own procedural rules and thus failed to afford him the due process of law mandated by the Constitution. But . . . the Due Process Clause does not federalize state-law procedural requirements."); *see also Rodriguez v. Nebraska Dep't of Corr. Servs.*, No. 4:17CV3004, 2017 WL 2126788, at *3 n.3 (D. Neb. May 16, 2017) (same in case challenging lack of access to programming prior to first parole eligibility date on due process grounds).

Thus, Plaintiff's due-process claims must be dismissed for failure to state a claim upon which relief may be granted.

IT IS ORDERED:

1. Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted.

2. Judgment shall be entered by separate document.

DATED this 14th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge