IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID H. JACOB,<br><br>      Plaintiff,<br><br>vs.<br><br>ROSALYN COTTON, Chairperson, Nebraska Board of Parole; MARK T. LANGAN, Member, Nebraska Board of Parole; ROBERT TWISS, Member, Nebraska Board of Parole; LAYNE GISSLER, Member, Nebraska Board of Parole; and VIRGIL J. PATLAN, Member, Nebraska Board of Parole,<br><br>      Defendants. | 4:20CV3107<br><br>**MEMORANDUM<br>AND ORDER** |

      Pending before the court is Plaintiff's Fed. R. Civ. P. 59(e) Motion to Alter Judgment. (Filing 6.) On January 14, 2021, the court issued a Memorandum and Order and Judgment dismissing this case without prejudice for failure to state a claim upon which relief can be granted. The court's Memorandum and Order found, among other things, that Plaintiff failed to state a procedural-due-process claim resulting from the Nebraska Board of Parole's decision denying Plaintiff parole based in part on Plaintiff's "prior criminal record" despite the facts that (1) Plaintiff actually had no prior criminal record and (2) the Board admitted in satellite litigation that it did not know whether or not Plaintiff had a prior criminal record and that it reviewed and discussed at the parole review hearing only the offenses for which Plaintiff is currently incarcerated—three convictions for second-degree murder—not his prior criminal record.

      After reviewing its prior decision dismissing this case, the Plaintiff's motion, and recalling that "[a] pro se complaint must be liberally construed, and pro se

litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), the court concludes that Plaintiff's Motion will be granted and his claims will be allowed to proceed to service of process.[1]

Liberally construed, Plaintiff claims he was not provided an opportunity to be heard regarding records considered by the Parole Board (specifically, the lack of a prior criminal record). *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 15 (1979)—which considered Nebraska's parole statutes—hints that part of the process due to a potential parolee is an opportunity at the hearing to insure the accuracy of records (or perhaps the lack thereof) before the parole board:

> The *parole determination . . . must include consideration of what the entire record shows* up to the time of the sentence . . . . At the Board's initial interview hearing, the inmate is permitted to appear before the Board and present letters and statements on his own behalf. He is thereby provided with an *effective opportunity, first, to insure that the records before the Board are in fact the records relating to his case*; and, second, to present any special considerations demonstrating why he is an appropriate candidate for parole. *Since the decision is one that must be made largely on the basis of the inmate's files, this procedure adequately safeguards against serious risks of error and thus satisfies due process*.[7]
>
>    [7] *The only other possible risk of error is that relevant adverse factual information in the inmate's file is wholly inaccurate. . . .*

---

[1] The court's decision to allow Plaintiff's claims to proceed does not constitute an opinion on the merits of Plaintiff's claims or potential defenses thereto.

*Greenholtz*, 442 U.S. at 15 & n.7 (emphasis added).[2] *See also* Neb. Rev. Stat. § 83-1,115 (Westlaw 2021) (Board of Parole "shall consider . . . [a]ll official reports of [a committed offender's] prior criminal record . . . ." before making parole-release decision). Here, the Board of Parole admitted it did not know whether Plaintiff had a prior criminal record, and it did not discuss any such records at the parole review hearing.

Because of the lenient standard of review required here, Plaintiff's claims will be allowed to proceed and service of process ordered accordingly.

IT IS ORDERED:

1. Plaintiff's Motion to Alter Judgment pursuant to Fed. R. Civ. P. 59(e) (Filing 6) is granted.

2. The Memorandum and Order (Filing 4) and Judgment (Filing 5) dismissing this case without prejudice are stricken.

3. For service of process on all Defendants in their official capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Office of the Nebraska Attorney General, 2115

---

[2] On the other hand, *Greenholtz* also suggests that due process does *not* require a parole board to "specify the particular 'evidence' in the inmate's file . . . on which it rests the discretionary determination that an inmate is not ready for conditional release," lest the process be converted "into an adversary proceeding and to equate the Board's parole-release determination with a guilt determination." *Id*. at 16. *See also Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (if state parole procedures comply with requirements of due process, federal habeas court has no authority to review either substantive merits of decision to deny parole, nor adequacy of compliance with *state* parole procedures, such as California's rule that "some evidence" support denial of parole).

State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Complaint (Filing 1) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve all named Defendants in their official capacities at the <u>Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509</u>**. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02.[3]

4. For service of process on all Defendants in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Nebraska Board of Parole, Correctional Services Building, Regional Center Campus, West Prospector Place & Folsom Streets, Building #1, First Floor, Lincoln, NE 68522," and forward them together with a copy of the Complaint (Filing 1) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve all Defendants in their individual capacities at the <u>Nebraska Board of Parole, Correctional Services Building, Regional Center Campus, West Prospector Place & Folsom Streets, Building #1, First Floor, Lincoln, NE 68522</u>.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

5. The United States Marshal shall serve all process in this case without

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

prepayment of fees from Plaintiff.

6. Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this Memorandum and Order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

DATED this 12th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge