IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID H. JACOB,<br><br>        Plaintiff,<br><br>vs.<br><br>ROSALYN COTTON, Chairperson, Nebraska Board of Parole; MARK T. LANGAN, Member, Nebraska Board of Parole; ROBERT TWISS, Member, Nebraska Board of Parole; LAYNE GISSLER, Member, Nebraska Board of Parole; and VIRGIL J. PATLAN, Member, Nebraska Board of Parole,<br><br>        Defendants. | 4:20CV3107<br><br>**MEMORANDUM AND ORDER** |

      Pending before the court are Plaintiff's Motion to Compel Discovery (Filing 44) and Defendants' Motion to Extend Deadline to File Dispositive Motions (Filing 45).

**<u>Plaintiff's Motion to Compel</u>**

      On October 4, 2021, Plaintiff filed a Motion to Compel Discovery (Filing 44) responses to Plaintiff's second round of discovery requests, which Plaintiff claims were due September 21, 2021. Plaintiff notes that a new Nebraska Department of Corrections policy allows seven days for the delivery of mail sent from the State Capitol, where Defendants' counsel are located, to the Nebraska State Penitentiary, where Plaintiff is housed, and that new counsel has recently made an appearance in this case, possibly causing Plaintiff's discovery requests to "have been misplaced." (Filing 44 at CM/ECF p. 1.)

While Plaintiff surmises why Defendants' responses may be late, Plaintiff has not made the required showing that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord." NECivR 7.1(j).[1] This rule does not contain an exception for pro se prisoners. *Stanko v. Sanchez*, No. 8:06CV510, 2007 WL 2746859, at *2 & n.3 (D. Neb. Sept. 18, 2007). Accordingly, Plaintiff's Motion to Compel will be denied.

**Defendants' Motion to Extend Deadline**

Defendants move to extend the deadline for filing dispositive motions in this case from October 7, 2021, to January 5, 2022, for the reasons that Plaintiff's requested second round of discovery, discussed above, addresses an additional issue that may need to be raised in a dispositive motion; counsel recently entered his appearance in this matter, and he needs additional time to familiarize himself with the issues in this case; and the requested extension will not unnecessarily delay the adjudication of this matter or unduly prejudice Plaintiff since Plaintiff is the one requesting discovery to raise an additional issue. (Filing 45.) Defendants' Motion will be granted.

IT IS ORDERED:

---

[1] "This showing must also state the date, time, and place of the communications and the names of all participating persons. 'Personal consultation' means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party." NECivR 7.1(j).

1. Plaintiff's Motion to Compel Discovery (Filing 44) is denied without prejudice to reassertion should Defendants fail to cooperate after Plaintiff follows the procedures outlined in Fed. R. Civ. P. 37(a)(1) and Nebraska Civil Rule 7.1(j).

2. Defendants' Motion to Extend Deadline to File Dispositive Motions (Filing 45) is granted, and such deadline is extended to January 5, 2022.

3. An Amended Order Setting Schedule for Progression of Case will be entered changing the deadline for filing dispositive motions from October 7, 2021, to January 5, 2022, and adjusting other subsequent dates accordingly.

DATED this 7th day of October, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge