IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID H. JACOB,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROSALYN COTTON, Chairperson, Nebraska Board of Parole; MARK T. LANGAN, Member, Nebraska Board of Parole; ROBERT TWISS, Member, Nebraska Board of Parole; LAYNE GISSLER, Member, Nebraska Board of Parole; and VIRGIL J. PATLAN, Member, Nebraska Board of Parole;<br><br>　　　　　Defendants. | 4:20CV3107<br><br>**MEMORANDUM<br>AND ORDER** |

　　　　Plaintiff, an inmate at the Nebraska State Penitentiary, filed a Complaint on September 8, 2020, (Filing 1) challenging the Nebraska Board of Parole's September 2019 deferral of Plaintiff's parole hearing due to his "prior criminal record." Charging the Board with violating his 14th Amendment right to due process, Plaintiff objects to the Board using his "prior criminal record" as its reason for deferring a full, public parole hearing because he has no prior criminal record, other than the criminal convictions for which he is currently incarcerated—three counts of second-degree murder and two counts of use of a firearm to commit a felony. Neb. Rev. Stat. § 83-1,111(1), (4) (Westlaw 2022) (allowing Board of Parole to defer for reconsideration parole decision).

　　　　Pending before the court is Plaintiff's Motion for Leave to File the First Amended Complaint (Filing 57) because Plaintiff's "original pleading involves the Plaintiff's 2019 review process" and "[t]he amended pleading adds the same constitutional claims for the Plaintiff's 2020 and 2021 parole review processes." The

Plaintiff also seeks to add another Defendant who was involved in one or both of the later offender-review hearings. Defendants object to Plaintiff's Motion, arguing that Plaintiff has failed to show good cause under Fed. R. Civ. P. 16(b) (when party seeks to amend pleading after expiration of court's scheduling deadline, party must show good cause); Plaintiff knew about the Board's allegedly erroneous 2020 decision within two months of filing this lawsuit, but he did not file for leave to amend his Complaint in a timely fashion; and adding a claim related to Plaintiff's 2021 offender-review hearing would prejudice Defendants because no discovery has been done on such claim, granting Plaintiff's Motion "would reset the entire case," and Plaintiff's allegations regarding the 2021 hearing fail to state a claim. (Filing 59.)

## *BACKGROUND*

The Progression Order in this case was entered on June 1, 2021, requiring all motions to amend pleadings to be filed on or before August 10, 2021; interrogatories, requests for admission, and requests for production or inspection to be served by July 1, 2021; depositions to be completed by September 7, 2021; and motions to compel discovery to be filed by September 21, 2021. (Filing 29 at CM/ECF p. 1.) That Order was amended on October 7, 2021, extending the dates for filing dispositive motions to January 5, 2022, and setting the final pretrial conference for April 19, 2022. (Filing 47.) Defendants filed a Motion for Summary Judgment on January 5, 2022. (Filing 61.)

On August 13, 2021, Plaintiff filed a Motion to Extend Deadline for Filing Amended Pleadings from August 10, 2021, until the end of the discovery process (September 21, 2021) because the incomplete discovery responses he had received as of that time "suggested a potentially further constitutional violation in this case" occurring in the Board's November 5, 2020, review of Plaintiff's case. (Filing 40.) On August 17, 2021, the court denied Plaintiff's Motion without prejudice as premature (Filing 42) because of Plaintiff's ongoing discovery discussions with Defendants' counsel, a change in Defendants' counsel of record, and because Plaintiff had until September 21, 2021, to compel additional discovery if necessary.

2

Instead of filing another motion for leave to file an amended complaint after the close of discovery, Plaintiff did not file another such motion until December 2, 2021. (Filing 57.)

## *DISCUSSION*

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely grant [such] leave when justice so requires." This standard is construed liberally, but "plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Indeed, "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks and citations omitted). "In most cases, [d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Id.* (internal quotation marks and citation omitted).

However, when a party seeks leave to amend a pleading outside of the time period established by a scheduling order (here, August 10, 2021), Fed. R. Civ. P. 16(b)(4) first requires a showing of "good cause" to modify the scheduling order to allow such an amendment. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). After the movant has shown good cause to modify the scheduling order under Fed. R. Civ. P. 16(b), the court may then consider whether the amendment is permitted under Fed. R. Civ. P. 15(a). *Id.* "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id.* (internal quotation marks and citations omitted).

Through his Motion for Leave to File the First Amended Complaint, Plaintiff seeks to add two claims related to the Board of Parole's 2020 and 2021 offender-review decisions and one Defendant who was involved in these decisions. Defendants object to amending the Complaint to add the 2020 claim because Plaintiff filed his original Complaint on September 8, 2020; the Board of Parole issued its allegedly erroneous decision just two months later on November 5, 2020; and the court's Progression Order gave Plaintiff until August 10, 2021, to move to amend his Complaint, which he did not do. Defendants admit that Plaintiff's claim regarding his 2021 offender-review hearing is not dilatory, presumably because the review occurred after the August 10, 2021, deadline to amend pleadings had passed. However, Defendants argue that allowing the 2021 claim in an Amended Complaint at this point would be prejudicial because no discovery has been done on this claim and granting leave to file an Amended Complaint would "reset the entire case." (Filing 59.)

Plaintiff counters that "three separate years of the same kind of constitutional violation . . . demonstrates these actions are systemic and ongoing" and that fact alone is "good cause for the Court to permit this Amendment." (Filing 60, CM/ECF p. 1.) As to his 2020 claim, Plaintiff contends that while he was aware of the Board's 2020 decision within two months of filing his original Complaint, he did not receive certain discovery responses until August 9, 2021, that fully informed Plaintiff's claim of "whether or not he was HEARD" on the issue the Board used to defer his parole during his 2020 review. (*Id*. at CM/ECF p. 2.)

I conclude that Plaintiff has failed to show good cause to file an amended complaint outside the court's scheduling order under Fed. R. Civ. P. 16(b)(4). Plaintiff has not explained why he waited until December 2, 2021, to file a motion to amend the pleadings when discovery closed on September 21, 2021, especially after the court had advised him on August 17, 2021 (Filing 42), that his first Motion to Extend Deadline for Filing Amended Pleadings (Filing 40) was premature because Plaintiff's assertion that incomplete discovery responses suggested additional potential constitutional violations could be remedied by Plaintiff's

4

ongoing discovery discussions with Defendants' counsel and by compelling additional discovery by the September 21, 2021, deadline if necessary. Instead of filing another motion for leave to file an amended complaint immediately after the close of discovery, Plaintiff did not file another such motion until December 2, 2021. (Filing 57.)

Even if Plaintiff had shown "good cause" to modify the scheduling order to allow him to amend his Complaint under Fed. R. Civ. P. 16(b)(4), the court would still deny Plaintiff's motion Fed. R. Civ. P. 15(a) because of undue prejudice to the Defendants. Discovery has been closed since September 2021, a Motion for Summary Judgment (Filing 61) is now pending, and the final pretrial conference is three months away. (Filing 47 (Amended Progression Order setting final pretrial conference for April 19, 2022)). If two additional claims and a Defendant were added at this point, the Defendants would need to repeat discovery on the additional claims, perform full discovery on an additional Defendant, and file a new motion for summary judgment.

Therefore, Plaintiff's Motion for Leave to File the First Amended Complaint (Filing 57) will be denied. *Pinson v. 45 Dev., LLC*, 758 F.3d 948, 951 (8th Cir. 2014) (district court did not abuse discretion in denying leave to amend complaint when plaintiff filed motion for leave to amend three months past the deadline set by the final scheduling order); *Freeman v. Busch,* 349 F.3d 582, 589 (8th Cir. 2003) (affirming, under Rule 16(b), the district court's denial of motion to amend complaint because plaintiff provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed ten months after court's scheduling order was entered); *Sanders v. Union Pac. R.R. Co.*, No. 4:20CV3023, 2021 WL 4783580, at *2 (D. Neb. Jan. 12, 2021) (plaintiff failed to show good cause under Fed. R. Civ. P. 16 when motion to amend complaint was not filed until four months after deadline in progression order; in addition, defendant would be prejudiced by requested amendment because it would have to re-open deposition and seek additional written discovery); *see, e.g.*, *LMMC, LLC v. Sullivan*, No. 8:19CV560, 2021 WL 5301560, at *3 (D. Neb. Nov. 15, 2021) (plaintiffs would not

5

be prejudiced by allowing defendants to file amended answer outside scheduling order when discovery was ongoing and dispositive motions had not been filed); *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 462 (D. Ariz. 2012) (plaintiff failed to show good cause supporting amendment of complaint under Fed. R. Civ. P. 16 when he failed to seek leave to amend "at the first available opportunity"; bolstering court's finding of lack of diligence were facts that discovery was closed and defendant's motion for summary judgment was pending); *Melbye v. Accelerated Payment Technologies, Inc.,* 2011 WL 6754088, at *3 (S.D. Cal. Dec. 22, 2011) (plaintiff did not demonstrate good cause where, among other things, parties had already completed discovery and defendant had filed summary judgment motion).

IT IS ORDERED that Plaintiff's Motion for Leave to File the First Amended Complaint (Filing 57) is denied.

DATED this 13th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

6