## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID H. JACOB, | |
| Plaintiff, | **4:20CV3107** |
| vs. | |
| ROSALYN COTTON, Chairperson, Nebraska Board of Parole; MARK T. LANGAN, Member, Nebraska Board of Parole; ROBERT TWISS, Member, Nebraska Board of Parole; LAYNE GISSLER, Member, Nebraska Board of Parole; and VIRGIL J. PATLAN, Member, Nebraska Board of Parole, | **MEMORANDUM AND ORDER** |
| Defendants. | |

On October 7, 2021, the Court entered an Amended Order Setting Schedule for Progression of Case. The Order set the following deadlines: filing of dispositive motions due January 5, 2022; Defendants' draft of Order on Final Pretrial Conference submitted to Plaintiff due March 7, 2022; Plaintiff's suggested amendments to the Order on Final Pretrial Conference due March 21, 2022; Proposed Order on Final Pretrial Conference submitted to the court due April 4, 2022; and Final Pretrial Conference set for April 19, 2022. (Filing 47.)

In compliance with the deadlines set forth in the Amended Order Setting Schedule for Progression of Case, Defendants filed a Motion for Summary Judgment on January 5, 2022, (Filing 61) and Plaintiff responded with a brief and index of evidence. (Filings 67, 68.) On March 7, 2022 (the date the draft Final Pretrial Conference Order was to be submitted to Plaintiff), the Defendants filed a Motion to Continue Case Progression Deadlines (Filing 74) due to its pending Summary Judgment Motion that was "potentially dispositive." The court granted the Motion

(Filing 75), stating that the "deadlines set forth in the Amended Order Setting Schedule for Progression of Case (Filing 47) are hereby suspended until further order of the court."

Plaintiff then filed a Motion for Summary Judgment (Filing 76) on March 25, 2022, to which Defendants objected as untimely. (Filing 80.) In response to Defendants' objections, Plaintiff argued that because the court suspended the Amended Order Setting Schedule for Progression of Case, the January 5, 2022, deadline to file summary judgment motions no longer existed, so he could file such a motion past the January 5 deadline. Plaintiff argued that the court's suspension of the progression-order deadlines was not prospective only, and that it was necessary for him to file a Motion for Summary Judgment in order to "provide the Court with the proper opportunity to answer the question of constitutional law in the Plaintiff's favor; i.e., not just denying the Defendant's Motion but by granting Plaintiff's motion." (Filing 80.)

Defendants' Objection to Plaintiff's Motion for Summary Judgment (Filing 79) will be sustained, and Plaintiff's Motion for Summary Judgment will be stricken as untimely because (1) the court's Memorandum and Order (Filing 75) suspending the deadlines in the Amended Order Setting Schedule for Progression of Case (Filing 47) nowhere stated that the court intended to, and did, revoke deadlines that had already passed (like the deadline to file motions for summary judgment by January 5, 2022); (2) the January 5, 2022, deadline to file dispositive motions could only be modified for good cause, Fed. R. Civ. P. 16(b)(4), and Plaintiff failed to show such good cause; (3) as a pro se litigant, Plaintiff is bound to comply with all local and federal procedural rules, NEGenR 1.3(g); and (4) it is not necessary for Plaintiff to file a motion for summary judgment for the court to find in Plaintiff's favor because Fed. R. Civ. P. 56(f)(1) allows the court to grant summary judgment for a nonmovant, *see also* 10A Fed. Prac. & Proc. Civ. § 2720.1 (4th ed. Westlaw 2022) ("the weight of authority is that summary judgment may be rendered in favor of the opposing party even though the opponent has made no formal cross-motion under Rule 56").

2

IT IS ORDERED:

1.      Defendants' Objection to Plaintiff's Motion for Summary Judgment (Filing 79-1) is sustained, and Plaintiff's Motion for Summary Judgment (Filing 76) is stricken as untimely.

2.      Defendants' Motion for Extension of Time (Filing 79-2) in which to respond to Plaintiff's Motion for Summary Judgment is denied as moot.

3.      Plaintiff's Objection to Motion to Extend (Filing 80) is denied as moot.

DATED this 6th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge