IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID H. JACOB,<br><br>    Plaintiff,<br><br>  vs.<br><br>ROSALYN COTTON, Chairperson, Nebraska Board of Parole; MARK T. LANGAN, Member, Nebraska Board of Parole; ROBERT TWISS, Member, Nebraska Board of Parole; LAYNE GISSLER, Member, Nebraska Board of Parole; and VIRGIL J. PATLAN, Member, Nebraska Board of Parole;<br><br>    Defendants. | 4:20CV3107<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on Plaintiff David H. Jacob's Motion to Alter or Amend (filing 84) the June 10, 2022, Memorandum and Order and Judgment (filings 82 & 83) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff's motion was timely filed. *See* Fed. R. Civ. P. 59(e) (a Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment."). Although Plaintiff's Motion was docketed on July 11, 2022—three days after the 28-day deadline would have run under Rule 59(e)—Plaintiff filed his Motion by mail. Fed. R. Civ. P. 6(d) (for service by mail, "3 days are added after the period would otherwise expire under Rule 6(a).").[1]

  Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis*

---

[1] Also before the Court is Defendants' Objection (filing 85) to Plaintiff's Motion to Alter or Amend. The Objection is a resistance or response to Plaintiff's Motion and will be sustained.

*Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Plaintiff's arguments raise legal theories that either were or could have been addressed during summary judgment proceedings. Plaintiff's primary assertion is that the court incorrectly interpreted the phrase "prior criminal record" in Neb. Rev. Stat. § 83-1,114. He argues the court's interpretation contradicts the Nebraska Supreme Court and the Nebraska Legislature's intended meaning of the term. Plaintiff also argues the court inappropriately presumed that the Nebraska Board of Parole ("Board") did not intend to circumvent the plain meaning of Neb. Rev. Stat. § 83-1,114. The court thoroughly addressed similar arguments in the June 10, 2022, Memorandum and Order (*see* filing 82 at CM/ECF pp. 13-15). The court considered but rejected Plaintiff's proposed interpretation of the term "prior criminal record." To the extent Plaintiff's arguments about the term were not raised previously, they are merely new legal theories or arguments that could have been raised prior to entry of summary judgment.

Plaintiff also argues that the court failed to "liberally construe the Plaintiff's filings by misapplying a 'term of art' itself." (Filing 84 at CM/ECF p. 7.) Plaintiff's alleged error is difficult to discern, but Plaintiff appears to argue the court scrutinized Plaintiff's use of the term "appeal" using an unduly strict standard. After careful consideration, the court concludes it did not. The court broadly considered and addressed Plaintiff's several procedural arguments. (*See* Filing 82 at CM/ECF pp. 11-13.) There is no indication the court held Plaintiff to an unduly strict standard; instead, the court considered several potential interpretations of Plaintiff's argument in reaching its decision. Again, Plaintiff's alleged errors are either new legal theories or theories that were or could have been addressed previously.

Plaintiff finally argues that the court improperly presumed the truth of statements made by Board members Layne Gissler and Robert Twiss about their understanding of the law, but improperly rejected Plaintiff's "beliefs." (Filing 84 at CM/ECF p. 8.) As best the court can discern, Plaintiff's referenced "beliefs" related

to Plaintiff's interpretation of the relevant law. However, for purposes of summary judgment, the court cannot and did not accept either party's conclusions of law. Moreover, to the extent Plaintiff argues the court improperly adopted Defendants' version of the facts, the court specifically noted that Plaintiff did not directly respond to several of Defendants' numbered statements of fact and those facts were considered admitted under NECivR 56.1(b). (*See* Filing 82 at CM/ECF p. 6.) However, the court also considered Plaintiff's evidence to the extent it was admissible. Thus, although the court was unpersuaded by Plaintiff's arguments, there is no indication that it gave improper weight or credence to Defendants' position.

In sum, upon careful consideration, the court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment dismissing his claims with prejudice. He has not shown that the dismissal was the result of manifest error of law or fact and, thus, has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e).

IT IS THEREFORE ORDERED that: Plaintiff David H. Jacob's Motion to Alter or Amend (filing 84) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is denied. Defendants' Objection (filing 85) is sustained.

Dated this 1st day of November, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge